**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMOND CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01323-NAB |
| | ) | |
| HILLSBORO TREATMENT, | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jamond Carter for leave to commence this civil action without prepayment of the required filing fee.[1] Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $23.27. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed as time-barred.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

---

[1] Plaintiff's motion to proceed in forma pauperis is attached to his complaint. (Docket No. 1 at 17).

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 2). The account statement shows an average monthly deposit of $116.36. The Court will therefore assess an initial partial filing fee of $22.27, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. The complaint names the following defendants: Hillsboro Treatment Center; Ms. Kenyetta G.; Mr. Scott B.; Ms. Erica D.; and Mr. Luke Unknown. (Docket No. 1 at 4-5). Defendants are sued in both their official and individual capacities. (Docket No. 1 at 5).

At the time the incident described in the complaint took place, plaintiff was confined to the Hillsboro Treatment Center (HTC), Division of Youth Services, in Jefferson County, Missouri. Plaintiff states that he was placed at HTC as a ward of the court.

While at HTC, plaintiff was placed in Cottage C. (Docket No. 1-3 at 1). Whenever a new group or staff member came to the group, it was customary for the residents of Cottage C to "circle

up and introduce" themselves to each other. On the morning that defendant Kenyetta G. started as a staff member, plaintiff was in his "personal area, still getting [himself] together." Plaintiff did not go to the introduction circle, and as a result, the rest of the group "called a circle" on him. At that point, plaintiff states that he saw Kenyetta G. staring at him intently.

Plaintiff alleges that "a couple weeks" later, Kenyetta G. touched him inappropriately for "the first time." He further alleges that Kenyetta G. "continued to sexually abuse [him], all the way up until the night she sexually assaulted [him] in the old visiting room." Plaintiff states that the sexual assault occurred on or about July 31, 2011, on the 3:30-11:30 p.m. shift. He describes the sexual assault as consisting of sexually inappropriate touching and fondling. Plaintiff asserts that Kenyetta G. advised him that if he told anyone, he would be "locked up in DYS until [he] was 21." (Docket No. 1 at 6).

Afterwards, plaintiff states that he felt "hurt, weird, and ashamed." (Docket No. 1-3 at 1). In order to get away from HTC, plaintiff decided to get into trouble. Thus, the next morning, he admits to committing "second degree assault" against a facility manager, in order to be arrested and taken away.

While at the Jefferson County Jail, plaintiff was visited by a woman from "Child Advocacy." He told her that nothing had happened while at HTC. He states that he made this denial because he was ashamed and "afraid of the possible threats or retaliatory actions from Kenyetta and other staff members."

Plaintiff alleges that as a result of the sexual assault, he suffers from emotional distress and mental anguish. (Docket No. 1 at 10). He is seeking compensatory damages in the amount of $25,000,000 against each defendant, as well as $25,000,000 in punitive damages against each defendant. (Docket No. 1 at 8).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that he was sexually assaulted by a staff member while confined at a state-run facility. He claims that this occurred on or about July 31, 2011. For the reasons discussed below, plaintiff will be directed to show cause why this case should not be dismissed as barred by the statute of limitations.

### A. Statute of Limitations

There is no statute of limitations contained within § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Meyers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers. Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966). Based on the allegations presented in the complaint, plaintiff's damages were capable of becoming known on July 31, 2011, when he was sexually assaulted. However, plaintiff did not sign his civil complaint until April 29, 2019, seven years and eight months later. Therefore, it appears as though the statute of limitations has expired.

The Court notes, however, that plaintiff has indicated that he was younger than 21 years of age when this alleged incident occurred. That is, he claims he was confined in a facility run by the Missouri Division of Youth Services. He also asserts that defendant Kenyetta G. threatened plaintiff by stating that if he told anyone, he would remain confined in the Division of Youth Services until the age of 21. The implication here is that plaintiff had not yet attained that age. Missouri law provides that if the cause of action accrues before the plaintiff reaches the age of 21, the statute of limitations is automatically tolled until that time. *See* Mo. Rev. Stat. § 516.170. Therefore, it is possible that the statute of limitations may have been tolled long enough to make this instant action timely.

The Court also notes that according to the Missouri Department of Corrections, plaintiff was born in 1984. If that is accurate, plaintiff would have been around 27 years of age on July 31, 2011, which does not seem likely if plaintiff was still in the Division of Youth Services.

Based on this confusion, the Court will require plaintiff to provide some clarification. Plaintiff will be ordered to file a written show cause response that provides his date of birth, the date the sexual assault occurred, plaintiff's age at the time of the incident, and the date on which plaintiff turned 21 years of age. The response will be filed under seal, so that this information will remain confidential. Plaintiff will be given thirty days in which to comply with this order. Failure to comply will result in the dismissal of this action without prejudice and without further notice.

### B. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have

counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, plaintiff is being directed to show cause why this case should not be dismissed as time-barred. The Court will entertain future motions for appointment of counsel as the case progresses.

### C.  Motion to Stay Proceedings

Plaintiff's mother has filed a motion to stay proceedings or, in the alternative, a motion for leave to proceed with discovery. (Docket No. 6). The motion will be denied as there is no indication that plaintiff's mother is an attorney, and because plaintiff has not signed the motion himself. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); and Fed. R. Civ. P. 11(a) (stating that every written motion "must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented"). Furthermore, plaintiff is being directed to show cause why this action should not be dismissed as untimely under the applicable statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $23.27 within thirty days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the motion to stay filed by plaintiff's mother (Docket No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff must show cause in writing and within **thirty (30) days** of the date of this order why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that plaintiff's response will be filed under seal.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Court order will result in the dismissal of his case without prejudice and without further notice.

Dated this 7th day of January, 2020.


/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE