UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMOND CARTER, )
 )
 Plaintiff, )
 )
v. ) No. 4:19-cv-01323-NAB
 )
HILLSBORO TREATMENT, )
CENTER, et al., )
 )
 Defendants, )

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of self-represented plaintiff Jamond Carter's complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss plaintiff's claims against the Hillsboro Treatment Center, Luke Unknown, Scott Unknown, and Erica Unknown, as well as the official capacity claim against Kenyetta Garth. However, the Court will direct the Clerk of Court to issue process on defendant Garth in her individual capacity.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. At the time relevant to this complaint, he was being held at the Hillsboro Treatment Center in Hillsboro, Missouri, which is operated by the State of Missouri's Division of Youth Services. (Docket No. 1 at 4). On May 16, 2019, he filed a civil action pursuant to 42 U.S.C. § 1983, against defendants Hillsboro Treatment Center, Kenyetta

2

Garth,[1] Luke Unknown, Scott Unknown, and Erica Unknown. Defendants were sued in both their individual and official capacities. (Docket No. 1 at 5). Plaintiff also filed a motion for leave to proceed in forma pauperis, which was granted.

In the complaint, plaintiff stated that he was confined at the Hillsboro Treatment Center as a ward of the court. While there, he claimed that he was sexually assaulted by staff member Garth. (Docket No. 1-3 at 1). Plaintiff further alleged that Garth advised him that if he told anyone, he would be "locked up in DYS until [he] was 21." (Docket No. 1 at 6). As a result of the assault, plaintiff stated that he suffered from emotional distress and mental anguish. (Docket No. 1 at 10). He sought compensatory damages in the amount of $25,000,000 against each defendant, as well as $25,000,000 in punitive damages against each defendant. (Docket No. 1 at 8).

On January 7, 2020, the Court directed plaintiff to show cause as to why this case should not be dismissed as time-barred. Specifically, the Court noted that plaintiff alleged that the assault occurred on July 31, 2011, but that he did not sign his civil complaint until April 29, 2019. This appeared to be beyond the applicable five-year statute of limitations. The Court also observed, however, the possibility that plaintiff might have been younger than twenty-one when the assault occurred, thereby tolling the statute.

On February 24, 2020, plaintiff's mother filed a summons in the Court for Garth. (Docket No. 10). The summons provided what appears to be her full name.

On March 5, 2020, plaintiff filed a response to the Court's show cause order. (Docket No. 11). In the response, plaintiff indicated that he was younger than twenty-one at the time the alleged assault occurred. He further stated that based on the tolling statute his complaint was timely.

---

[1] In the complaint, plaintiff refers to Kenyetta Garth as Kenyetta G. However, in subsequent filings with the Court, he identifies both her first and last name.

**Discussion**

Having reviewed plaintiff's complaint and show cause response, the Court has determined that the claims against the Hillsboro Treatment Center, Luke Unknown, Scott Unknown, and Erica Unknown must be dismissed. The Court will also dismiss the official capacity claim against Kenyetta Garth. However, the Court will order the Clerk of Court to issue process on Garth in her individual capacity.

### A. Timeliness

There is no statute of limitations contained within 42 U.S.C. § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Meyers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers. Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966). Based on the allegations presented in the complaint, plaintiff's damages seemed capable of becoming known on July 31, 2011, when he was sexually assaulted. However, plaintiff did not sign his civil complaint until

April 29, 2019, seven years and eight months later. Therefore, it initially appeared as though the statute of limitations had expired.

Missouri law, however, provides that if the cause of action accrues before the plaintiff reaches the age of 21, the statute of limitations is automatically tolled until that time. *See* Mo. Rev. Stat. § 516.170. Plaintiff indicated in his complaint that he was younger than twenty-one years of age. Accordingly, the Court directed plaintiff to show cause as to why his case should not be dismissed as time-barred.

Plaintiff's response states that he was younger than twenty-one years of age when the alleged sexual assault occurred at the Hillsboro Treatment Center. Furthermore, he asserts that he filed this action within five years of the date of his twenty-first birthday. As such, based on the information currently before it, the Court will not dismiss this action for untimeliness.

### B. Hillsboro Treatment Center

Plaintiff's claim against the Hillsboro Treatment Center must be dismissed because it is immune from suit. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in

5

which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. To that end, a state will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

First, Congress has not statutorily abrogated immunity in this action, because 42 U.S.C. § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not waived its immunity in this type of action. *See* Mo. Rev. Stat. 537.600.

The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). The Hillsboro Treatment Center is a part of the State of Missouri's Division of Youth Services. As such, sovereign immunity

bars suit against it for any type of relief. Therefore, plaintiff's claim against the Hillsboro Treatment Center must be dismissed.

### C. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, plaintiff alleges that defendants Garth, Luke Unknown, Scott Unknown, and Erica Unknown are all employed by the State of Missouri's Division of Youth Services. As such, plaintiff's official capacity claims against them are actually claims against the State of Missouri itself.

To the extent that plaintiff is seeking monetary damages, plaintiff's official capacity claims must be dismissed because he is missing an essential element of a 42 U.S.C. § 1983 claim. Specifically, § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their

7

official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Likewise, in a suit for money damages, such a suit against a state is barred by the doctrine of sovereign immunity. *See Monroe*, 495 F.3d at 594 (explaining that a state official may be sued in his or her official capacity for injunctive relief without violating the Eleventh Amendment).

In this case, plaintiff does not appear to be seeking injunctive relief. More to the point, he states that he is no longer at the Hillsboro Treatment Center, meaning that injunctive relief is not available, since he is no longer at risk for future harm. *See Park v. Forest Service of U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000) (stating that in "the case of complaints for injunctive relief, the injury in fact element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm"). Nevertheless, to the extent that plaintiff is seeking prospective injunctive relief, he has failed to state a claim against the State of Missouri, because he has not identified an unconstitutional policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (stating that liability may attach to a governmental entity if a constitutional violation resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise).

For all the above-stated reasons, plaintiff's official capacity claims against defendants Garth, Luke Unknown, Scott Unknown, and Erica Unknown must be dismissed.

### D. Individual Capacity Claims Against Defendants Luke Unknown, Scott Unknown, and Erica Unknown

Plaintiff has failed to state an individual capacity claim against defendants Luke Unknown, Scott Unknown, or Erica Unknown. Liability in a § 1983 case is personal. *Frederick v. Motsinger*,

8

873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has not demonstrated the personal responsibility of defendants Luke Unknown, Scott Unknown, or Erica Unknown for violating his constitutional rights. Aside from alleging that each was employed by the Division of Youth Services, and therefore responsible for the care and safety of the residents at the Hillsboro Treatment Center, plaintiff provides no other facts to support the proposition that they wronged him. Defendant Luke Unknown is mentioned only once in the Statement of Claim, as being one of a group of people in the room when defendant Garth allegedly assaulted him. Plaintiff does not accuse Luke Unknown of being aware of what happened to him. Meanwhile, defendant Erica Unknown is only mentioned in reference to plaintiff's admission that he was charged with assaulting her in order to get thrown out of the treatment center. Again, there is no indication that Erica Unknown was aware of what happened to plaintiff. Finally, defendant Scott Unknown is not mentioned at all in the "Statement of Claim."

The Eighth Amendment requires a correctional officer to intervene to stop another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using

9

excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner v. Hollins*, 983 F.2d at 119, 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). Furthermore, an incarcerated person has an Eighth Amendment right to be protected from violence. *See Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). These rights are violated when a correctional official is deliberately indifferent to an inmate's safety. *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); and *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

In this case, as noted above, plaintiff has not presented facts demonstrating a causal link between defendants' actions and the violation of plaintiff's constitutional rights. Put differently, plaintiff's allegations do not support the contention that Luke Unknown, Erica Unknown, or Scott Unknown failed to intervene or failed to protect him. Indeed, besides naming these individuals as defendants, plaintiff has barely mentioned them at all in the body of the complaint. Therefore, the individual capacity claims against Luke Unknown, Erica Unknown, and Scott Unknown must be dismissed.

### E. Individual Capacity Claim Against Defendant Kenyetta Garth

Plaintiff's individual capacity claim against defendant Garth is sufficient for purposes of 28 U.S.C. § 1915 review. Specifically, plaintiff has alleged that Garth sexually assaulted him while he was being held at the Hillsboro Treatment Center pursuant to a court order.

The Eighth Amendment protects those who are incarcerated from physical or sexual assault at the hands of correctional officers. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (stating that "sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries"). *See also Williams v. Prudden*, 67 Fed. Appx. 976, 977 (8th Cir. 2003) (explaining that

10

inmate sufficiently stated "an Eighth Amendment claim by alleging that [defendant] ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her"). In this case, plaintiff has presented facts demonstrating that Garth was a staff member at the Hillsboro Treatment Center, that she engaged in nonconsensual sexual activity with him, and that she threatened him to keep him from seeking help. The Court must accept these allegations as true. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Court will direct the Clerk of Court to issue process on Kenyetta Garth in her individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against the Hillsboro Treatment Center, Luke Unknown, Erica Unknown, and Scott Unknown are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claim against Kenyetta Garth is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Kenyetta Garth in her individual capacity. Defendant Garth shall be served in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 24th day of July, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE