## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMOND CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-cv-01323-NAB |
| | ) |
| HILLSBORO TREATMENT | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kenyetta Garth's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 27). For the reasons discussed below, Garth's motion to dismiss will be denied with respect to plaintiff's Eighth Amendment sexual assault claim under 42 U.S.C. § 1983. However, Garth's motion to dismiss will be granted with regard to plaintiff's claims arising under RSMo. §§ 566.030, 566.060, 566.061, 566.071, 566.080, 475.010, 105.711, 536.050, and 536.087, as well as his claims arising under 18 U.S.C. § 2246 and 34 U.S.C. §§ 30301, 30302, and 30309. Garth's motion to dismiss will also be granted as to plaintiff's Eighth Amendment deliberate indifference to medical needs claim.

### Background

Plaintiff is a self-represented litigant currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. At the time relevant to the complaint, however, he was being held at the Hillsboro Treatment Center in Hillsboro, Missouri, which is operated by the State of Missouri's Division of Youth Services (DYS). (Docket No. 1 at 4). On May 16, 2019, he filed a civil action pursuant to 42 U.S.C. § 1983, against defendants Hillsboro Treatment Center, Kenyetta

Garth,[1] Luke Unknown, Scott Unknown, and Erica Unknown. Defendants were sued in both their individual and official capacities. (Docket No. 1 at 5). Plaintiff also filed a motion for leave to proceed in forma pauperis, which was granted.

In the complaint, plaintiff stated that he was confined at the Hillsboro Treatment Center as a ward of the court. While there, he claimed that he was sexually assaulted by defendant Garth, a staff member. (Docket No. 1-3 at 1). Plaintiff further alleged that Garth advised him that if he told anyone, he would be "locked up in DYS until [he] was 21." (Docket No. 1 at 6). As a result of the assault, plaintiff stated that he suffered from emotional distress and mental anguish. (Docket No. 1 at 10). He sought compensatory damages in the amount of $25,000,000 against each defendant, as well as $25,000,000 in punitive damages against each defendant. (Docket No. 1 at 8).

On January 7, 2020, the Court directed plaintiff to show cause as to why his case should not be dismissed as time-barred. (Docket No. 7). Specifically, the Court noted that plaintiff alleged that the assault occurred on July 31, 2011, but that he did not sign his civil complaint until April 29, 2019. This appeared to be beyond the applicable five-year statute of limitations. The Court also observed, however, the possibility that plaintiff might have been younger than twenty-one when the assault occurred, thereby tolling the statute.

On March 5, 2020, plaintiff filed a response to the Court's show cause order. (Docket No. 11). In the response, plaintiff indicated that he was younger than twenty-one at the time the alleged assault occurred. He further stated that based on the tolling statute his complaint was timely.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. On July 24, 2020, following that review, the Court dismissed plaintiff's claims against the Hillsboro Treatment Center, Luke Unknown, Erica Unknown, and Scott Unknown, as well as the official capacity claim

---

[1] In the complaint, plaintiff refers to Kenyetta Garth as Kenyetta G. However, in subsequent filings with the Court, he identifies both her first and last name.

against Garth. (Docket No. 13). However, the Court determined that plaintiff's Eighth Amendment claim that he had been sexually assaulted by Garth was sufficient for purposes of initial review. (Docket No. 12 at 10-11). The Court therefore directed the Clerk of Court to issue process against Garth in her individual capacity. (Docket No. 12 at 11).

Following a delay in determining Garth's location, Garth was ultimately served by the United States Marshals Service on November 2, 2020. On December 21, 2020, Garth filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 27). She also filed a memorandum in support of the motion. (Docket No. 28).

## Motion to Dismiss

Defendant Garth premises her motion to dismiss on several different grounds. First, Garth argues that plaintiff's 42 U.S.C. § 1983 claim should be dismissed for failure to exhaust administrative remedies. Second, she contends that state claims arising under RSMo. §§ 566.030,[2] 566.060,[3] 566.061,[4] 566.071,[5] and 566.080,[6] which are all criminal statutes, are barred by the two-year statute of limitations for assault and battery under RSMo. § 516.140.[7] Third, Garth asserts that plaintiff cannot bring an action under 34 U.S.C. §§ 30301,[8] 30302,[9] or 30309,[10] because the Prison Rape Elimination Act (PREA) does not create a private right of action. Fourth, Garth

---

[2] RSMo. § 566.030 is a Missouri criminal statute providing the elements and penalties for rape in the first degree.
[3] RSMo. § 566.060 is a Missouri criminal statute providing the elements and penalties for sodomy in the first degree.
[4] RSMo. § 566.061 is a Missouri criminal statute providing the elements and penalty for sodomy in the second degree.
[5] RSMo. § 566.071 is a Missouri criminal statute providing the elements and penalty for child molestation in the fourth degree
[6] RSMo. § 566.080 is a Missouri criminal statute that was repealed in 1994.
[7] RSMo. § 516.140 is a Missouri statute that provides, in relevant part: "**What actions within two years**. – Within two years: an action for libel, slander, injurious falsehood, assault, battery, false imprisonment, criminal conversation, malicious prosecution or actions brought under section 290.140."
[8] 34 U.S.C. § 30301 is a federal statute providing findings with regard to the PREA.
[9] 34 U.S.C. § 30302 is a federal statute enumerating the purposes of the PREA.
[10] 34 U.S.C. § 30309 is a federal statute providing definitions for the PREA.

maintains that plaintiff has not stated a claim under RSMo. §§ 105.711,[11] 536.050,[12] 536.087,[13] or 537.600,[14] due to the nature of these statutes. Likewise, she argues that plaintiff has not stated a claim under RSMo. § 475.010[15] or 18 U.S.C. § 2246,[16] because they simply provide definitions. Finally, Garth asserts that plaintiff has not stated an Eighth Amendment Claim of deliberate indifference to his medical needs.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is

---

[11] RSMo. § 105.711 is a Missouri statute that provides for the creation of a "State Legal Expense Fund."
[12] RSMo. § 536.050 is a Missouri statute that concerns the "power of the courts" to "render declaratory judgments."
[13] RSMo. § 536.087 is a Missouri statute regarding the award of "[r]easonable fees and expenses" to the "prevailing party in [a] civil action."
[14] RSMo. § 537.600 is a Missouri statute regarding the state's sovereign immunity, and the exceptions to such immunity.
[15] RSMo. § 475.010 is a Missouri statute that provides definitions for Title XXXI Trusts and Estates of Decedents and Persons under Disability.
[16] 18 U.S.C. § 2246 is a federal criminal statute providing definitions for 18 U.S.C. Chapter 109A – Sexual Abuse.

entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

## Discussion

Defendant Garth has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed Garth's motion, as well as the memorandum submitted in support. For the reasons discussed below, the motion will be denied in part, and granted in part.

### A. Exhaustion of Remedies as Required Under 42 U.S.C. § 1983

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). If a prisoner has not exhausted his administrative remedies at the time he files his civil action, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Exhaustion, however, is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Here, defendant Garth argues that plaintiff has admitted in his complaint that he has not exhausted his administrative remedies, and that he has not sufficiently pleaded that any grievance process was not available to him. As noted above, however, "inmates are not required to specially

5

plead or demonstrate exhaustion in their complaints." Furthermore, plaintiff suggests in his complaint that "Staff at DYS refused to allow [him]" to exhaust his administrative remedies. (Docket No. 1 at 6). An administrative remedy is not considered available if a prisoner was not allowed to use it. *See Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (stating that inmates "are excused from exhausting administrative remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures").

Because it is unclear at this stage whether or not plaintiff was prevented from exhausting his administrative remedies, the Court will deny Garth's motion to dismiss on this basis.

**B. Claims Arising Under RSMo. §§ 566.030, 566.060, 566.061, 566.071, and 566.080**

In his complaint, plaintiff makes references to RSMo. §§ 566.030, 566.060, 566.061, 566.071, and 566.080. Defendant Garth argues that claims arising under these statutes are barred by the statute of limitations.

The above-listed statutes are all Missouri criminal statutes, dealing with first-degree rape, first-degree sodomy, second-degree sodomy, and fourth-degree child molestation, respectively. In Missouri, a "statute which creates a criminal offense and provides a penalty for its violation will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent." *Christy v. Petrus*, 295 S.W.2d 122, 126 (Mo. 1956). There is no indication from any of these statutes that they have created a private right of action.

Rather, as defendant Garth notes, plaintiff appears to be alleging an action for assault or battery. The Missouri statute of limitations for assault or battery is two years. RSMo. § 516.140. Plaintiff asserts that his alleged assault took place on July 31, 2011. (Docket No. 1 at 5). Due to

the tolling of the statute of limitations for minors until the age of twenty-one, the two-year limitations period did not begin until April 18, 2015, plaintiff's twenty-first birthday. Thus, plaintiff would have needed to file his complaint by April 18, 2017. However, plaintiff did not sign his complaint until April 29, 2019, making an assault or battery claim untimely. As such, to the extent that plaintiff is attempting to assert claims under RSMo. §§ 566.030, 566.060, 566.061, 566.071, or 566.080, Garth's motion to dismiss is granted, and such claims are dismissed.

### C. Claims Arising Under 34 U.S.C. §§ 30301, 30302, and 30309

In his complaint, plaintiff references 34 U.S.C. §§ 30301, 30302, and 30309 of the PREA. Defendant Garth asserts that the PREA does not provide plaintiff a private right of action that is enforceable under 42 U.S.C. § 1983.

The purpose of the PREA is, among other things, to prevent sexual assaults in the prison system. 34 U.S.C. § 30302. However, as Garth notes, the PREA "does not authorize or create a private right of action." *See Barber v. Baker*, 2020 WL 8372643, at *2 (E.D. Ark. 2020) (collecting cases). As such, plaintiff cannot state a claim under the PREA. Thus, to the extent that plaintiff is attempting to assert a claim under 34 U.S.C. §§ 30301, 30302, or 30309, Garth's motion to dismiss is granted, and such claims are dismissed.

### D. Claims Arising Under RSMo. §§ 105.711, 475.010, 536.050, 536.087, and 537.600, and 18 U.S.C. § 2246

In his complaint, plaintiff references RSMo. §§ 105.711, 475.010, 536.050, 536.087, and 537.600, and 18 U.S.C. § 2246. Defendant Garth contends that plaintiff has failed to state a claim under any of these provisions.

As Garth notes, plaintiff lists these statutory sections in the "Legal Claims" portion of his complaint, without providing any factual explanation as to their relevance to this action. With regard to RSMo. §§ 105.711, 536.050, 536.087, and 537.600, these sections concern the State of

7

Missouri's "Legal Defense Fund," declaratory judgments, the awarding of fees in a civil action, and the State of Missouri's sovereign immunity, respectively. None of these statutes create a cause of action, and plaintiff has not demonstrated their relevance here. Likewise, RSMo. § 475.010 and 18 U.S.C. § 2246 provide definitions only, and do not create a private right of action. Therefore, to the extent that plaintiff is attempting to assert claims under RSMo. §§ 105.711, 475.010, 536.050, 536.087, or 537.600, or 18 U.S.C. § 2246, Garth's motion to dismiss is granted, and such claims are dismissed.

### E. Deliberate Indifference Claim Under the Eighth Amendment

In his complaint, plaintiff makes brief reference to a claim regarding the deliberate indifference to his medical needs under the Eighth Amendment. (Docket No. 1 at 7). Defendant Garth argues that plaintiff has failed to state a deliberate indifference claim.

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the

8

intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

As Garth points out, plaintiff has not actually presented any factual allegations that he suffered from an objectively serious medical need, or that Garth actually knew of and disregarded that need. Therefore, to the extent that plaintiff is attempting to assert an Eighth Amendment deliberate indifference to medical needs claim, Garth's motion to dismiss is granted, and such claim is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kenyetta Garth's motion to dismiss (Docket No. 27) is **DENIED** with regard to plaintiff's Eighth Amendment sexual assault claim against Garth in her individual capacity.

**IT IS FURTHER ORDERED** that defendant Kenyetta Garth's motion to dismiss is **DENIED** with regard to Garth's claim that plaintiff has failed to exhaust his administrative remedies.

**IT IS FURTHER ORDERED** that defendant Kenyetta Garth's motion to dismiss is **GRANTED** with regard to plaintiff's claims arising under RSMo. §§ 566.030, 566.060, 566.061, 566.071, 566.080, 475.010, 105.711, 536.050, and 536.087, 18 U.S.C. § 2246, and 34 U.S.C. §§ 30301, 30302, and 30309.

**IT IS FURTHER ORDERED** that plaintiff's claims arising under RSMo. §§ 566.030, 566.060, 566.061, 566.071, 566.080, 475.010, 105.711, 536.050, and 536.087, 18 U.S.C. § 2246, and 34 U.S.C. §§ 30301, 30302, and 30309 are **DISMISSED** with prejudice. *See* Fed. R. Civ. P. 12(b)(6). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that defendant Kenyetta Garth's motion to dismiss is **GRANTED** with regard to plaintiff's Eighth Amendment claim of deliberate indifference to medical needs.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claim of deliberate indifference to medical needs is **DISMISSED** with prejudice. *See* Fed. R. Civ. P. 12(b)(6). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that defendant Kenyetta Garth shall file an answer within **fourteen (14) days** of the date of this order.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of March, 2021.